Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**STANLEY F. WRUBLE, III**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FRANK E. PUZYNSKI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1111-CR-590 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Roland W. Chamblee, Jr., Judge
Cause No. 71D08-1105-FC-82

**June 6, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Frank Puzynski (Puzynski), appeals his conviction and sentence for Count I, operating a motor vehicle while intoxicated as a Class C misdemeanor, Ind. Code § 9-30-5-1; and Count II, operating a motor vehicle after forfeiture of license for life, a Class C felony, I.C. § 9-30-10-17.

We affirm.

## ISSUE

Puzynski raises two issues on appeal, which we restate as:

(1) Whether the State's comments during closing argument constituted fundamental error; and

(2) Whether Puzynski's sentence is inappropriate in light of the nature of his offenses and his character.

## FACTS AND PROCEDURAL HISTORY

On April 29, 2011, Indiana State Police Trooper Mick Dockery (Trooper Dockery) spotted a white Buick automobile stopped at the intersection of 36th Street and Mishawaka Avenue in Mishawaka, Indiana. Although angled to make a right turn, the car turned left onto Mishawaka Avenue without using its turn signal. Trooper Dockery stopped the vehicle and asked the driver, later identified as Puzynski, for his license and registration. After explaining that he did not have either, Puzynski identified himself as Frank Reed and gave a date of birth.

2

Trooper Dockery smelled alcohol on Puzynski's breath and noticed a passenger, later identified as John Flatman (Flatman), sitting in the front passenger seat. Puzynski was asked to step out of the car and explained that he was taking Flatman home from a local bar. Thereafter, Trooper Dockery was unable to confirm Puzynski's identity

Additional Indiana State Police Troopers, including Trooper Corey Sauer (Trooper Sauer), arrived to provide assistance. Trooper Sauer saw Puzynski and Flatman standing on the road away from the car. Trooper Sauer asked Puzynski his identity and Puzynski repeated that he was Frank Reed. Trooper Sauer administered field sobriety and breath alcohol tests to Puzynski. After failing the field sobriety test and registering a 0.11 on Trooper Sauer's portable breath test, Puzynski was taken to the St. Joseph County Jail. Flatman was released from the scene and told the troopers that he would go to a local bar to find a ride home. Puzynski later confessed his real identity and admitted that his driving privileges were suspended for life. Puzynski also tested .08 on the chemical test administered at the St. Joseph County Jail.

On May 4, 2011, the State charged Puzynski with Count I, operating a motor vehicle while intoxicated as a Class C misdemeanor, I.C. § 9-30-5-1(a); and Count II, operating a motor vehicle after forfeiture of license for life, a Class C felony, I.C. § 9-30-10-17. On August 29 and 30, 2011, a jury trial was held.

At trial, Puzynski asserted I.C. § 9-30-10-18[1] as a defense to the State's charge that he operated a motor vehicle following a lifetime forfeiture of driving privileges. Specifically, Puzynski claimed that Flatman was severely intoxicated and would have driven himself home but for Puzynski's intervention. During closing argument, Puzynski's counsel argued as follows:

> [I.C. § 9-30-10-18] does say and does provide when a person who is suspended, forfeited for life, that there are circumstances under which you can drive and not be held responsible criminally for that. That is a statute. You're going to hear a definition. The jury is the one who makes the determination of what the law means and that's why we get back to why we have juries.

(Transcript p. 129). The prosecutor argued the following during in rebuttal:

> One of the funny things that we lawyers do is when cases go up on appeal[.] [H]ave you heard that term, go on up on appeal[?] [S]omebody doesn't like the result and they appeal to the next higher court[.] [W]ell, that's what happened in a case where a fellow had a lifetime suspension and his friend was drunk and he drove the car and he was convicted and he went up to the [c]ourt of [a]ppeals and said, hey, you know, I had to drive because my friend was too impaired. And the [c]ourt of [a]ppeals said, no, this is not an extreme emergency situation, such that operating a motor vehicle was necessary to save life or limb. […]. The [c]ourt of [a]ppeals said this person who had a suspended license and was driving could have flagged down a passing motorist.

(Tr. pp. 135-36).

Puzynski's counsel requested a surrebuttal arguing that this court "simply said the jury could have found from this thing that it didn't satisfy the requirements. That's an

---

[1] I.C. § 9-30-10-18 provides in relevant part as follows: "In a criminal action brought under [I.C. § 9-30-10-17], it is a defense that the operation of a motor vehicle […] was necessary to save life or limb in an extreme emergency. The defendant must bear the burden of proof by a preponderance of the evidence to establish this defense."

extreme difference from the [c]ourt of [a]ppeals saying this is the way it was." (Tr. pp. 137-38). Although the prosecutor did not refer to the opinion by name, Puzynski's counsel insisted to the trial court that the prosecutor relied upon *Cain v. State*, 844 N.E.2d 1063 (Ind. Ct. App. 2006). The prosecutor acknowledged that she had the case in her possession.

The trial court denied Puzynski's request for a surrebuttal and the jury found Puzynski guilty as charged. On October 11, 2011, Puzynski was sentenced to eight years' incarceration at the Department of Correction on Count I, with four years suspended, and sixty days incarceration on Count II, with both Counts to run concurrently.

Puzynski now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Prosecutorial Misconduct*

On appeal, Puzynski argues that the State committed misconduct by referring to a decision from this court during closing argument. To properly preserve appellate review of an improper argument made by the State during trial, the defendant must request an admonishment. *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006). If the admonishment is believed to be insufficient, then the defendant should move for a mistrial. *Id*. If properly preserved, we consider claims of prosecutorial misconduct under a two-step inquiry "(1) whether the prosecutor engaged in misconduct, and if so, (2) whether the

5

misconduct, under all of the circumstances, placed the defendant in a position of grave peril to which he or she should not have been subjected." *Id*.

Rather than request an admonishment or move for a mistrial, Puzynski's counsel requested a surrebuttal, which the trial court denied. Accordingly, Puzynski's claim of prosecutorial misconduct has not been properly preserved and is therefore waived. *See id*. Where a claim of prosecutorial misconduct has not been properly preserved, the defendant must establish the grounds for the misconduct and the additional grounds for fundamental error. *Id.* Fundamental error is an extremely narrow exception that allows a defendant to avoid waiver of an issue. *Id.* An error is fundamental when it makes a fair trial impossible or constitutes clearly blatant violations of basic and elementary principles of due process presenting an undeniable and substantial potential for harm. *Id.* Puzynski has not demonstrated that fundamental error occurred here.

It is proper for the State to argue both law and fact during closing arguments and to draw conclusions based on its analysis of the evidence. *Hand v. State*, 863 N.E.2d 386, 394 (Ind. Ct. App. 2007). The State is entitled to respond to allegations and inferences raised by the defense even if the State's response would otherwise be objectionable. *Id*. The State may read from or refer to cases during closing argument because of the jury's role to determine the law and the facts. *Griffin v. State*, 415 N.E.2d 60, 65 (Ind. 1981). So long as it is clear that the State is reading from or referring to a separate case, the jury will not be misled or confused. *Id*.

Here, Puzynski's defense was that Flatman's intoxication and inability to drive constituted an extreme emergency within the meaning I.C. § 9-30-10-18. Flatman testified that he had mixed medication with alcohol and was unable to drive. Puzynski testified that Flatman was slurring and unable to drive. Fearful that Flatman was "going to kill somebody," Puzynski took his keys and drove. (Tr. p. 90). Puzynski "panicked" and did not seek alternative transportation because he believed that Flatman was going to drive anyway and memories of a friend who had died in a motorcycle accident were fresh in his mind. During closing argument, Puzynski's counsel urged the jury to find that such circumstances constituted an extreme emergency under I.C. § 9-30-10-18.

During rebuttal, the State analogized Puzynski's claims to the *Cain* defendant's defense under I.C. § 9-30-10-18. In *Cain*, we held that the evidence was sufficient for the jury to convict Cain of operating a motor vehicle after a lifetime forfeiture of driving privileges. *Cain*, 844 N.E.2d at 1066. Cain argued that the transportation of his inebriated friend constituted an extreme emergency under I.C. § 9-30-10-18, thereby excusing the violation of his lifetime suspension. We noted that the existence of emergency circumstances constituted a question of fact, and we therefore characterized Cain's claim as a challenge to the sufficiency of the evidence to support the jury's verdict. *Id*. at 1065.

Although the opinion noted that "a different trier of fact might well have found the evidence of emergency persuasive," we found that the jury "was entitled to find unpersuasive Cain's claim that operating a motor vehicle was necessary under the

7

circumstances in order to same life and limb." *Id*. at 1066. In finding that the evidence supported the jury's determination, we noted the lack of evidence that Cain was ignorant of his friend's alcohol consumption or was unwilling to travel with the inebriated friend. *Id*. We also emphasized the number of alternatives Cain had instead of electing to take the wheel, including pulling over and calling for help or letting a less inebriated companion drive. *Id*.

In light of Puzynski's defense of extreme emergency under I.C. § 9-30-10-18, the State's comments are mere counter-argument. By arguing for an interpretation of I.C. § 9-30-10-18 consistent with his client's version of events, Puzynski's counsel prompted the State to respond with case law in support of its interpretation of the statute. Although the State did not mention the specific holding of *Cain*, its rebuttal analogized Puzynski's defense to the one rejected by the jury and affirmed on appeal in *Cain*.

Further, even if the State's comments were arguably inappropriate, otherwise inappropriate comments made by the State on rebuttal are permitted when made in response to opposing counsel's comments in their closing argument. *See Cooper*, 854 N.E.2d at 836. We therefore find that State's comments here do not constitute prosecutorial misconduct, let alone fundamental error.

## II. *Appropriateness of the Sentence*

Puzynski challenges his sentence as inappropriate in light of the nature of the offenses and his character. Specifically, he requests this court to reduce his sentence to

8

no more than four years, with two years suspended to probation and the remainder served.

We review sentences within the statutory range only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

Here, Puzynski's sentence was within the statutory range. Puzynski was convicted of operating a vehicle while intoxicated as a Class C misdemeanor, and operating a vehicle while under a life suspension of driving privileges, a Class C felony. The maximum sentence for a Class C misdemeanor is sixty days. I.C. § 35-50-3-4. A sentence for a Class C felony ranges from two to eight years, with an advisory sentence of four years. I.C. § 35-50-2-6(a). The trial court sentenced Puzynski to eight years executed and four years suspended to probation on the Class C felony as well as a concurrent sentence of sixty days on the Class C misdemeanor. Accordingly, Puzynski's sentence is within the statutory range.

Under Ind. Appellate Rule 7(B), we may revise a sentence authorized by statute if we find that it is inappropriate in light of the nature of the offense and the character of the offender. *Id.* However, it is the defendant's burden to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Puzynski has not carried his burden.

9

As for the nature of his offense, Puzynski consistently stated that his motivation for driving was to ensure the safe transportation of his inebriated friend. We cannot ignore, however, that Puzynski was also inebriated. We do not therefore find this to be a sufficient basis to revise his sentence.

More importantly, Puzynski's character clearly militates against a sentence revision. Although a little more than four years had passed between his last conviction and the current one, Puzynski's criminal history, both as a juvenile and an adult, is substantial. His numerous driving-related offenses as well as arrests and convictions for both misdemeanors and felonies comprise a thirty-one year history of obvious disrespect for the law. Despite his current age and recent ability to productively contribute to society, Puzynski's pattern of repeated criminal activity prompted the trial court to succinctly remark, "same old, same old," at his sentencing hearing. (Tr. p. 159). In sum, Puzynski has failed to persuade us that his sentence is inappropriate.

CONCLUSION

Based on the foregoing, we conclude that the State's comments during closing argument did not constitute prosecutorial misconduct, and Puzynski's sentence is not inappropriate in light of the nature of his offenses and character.

Affirmed.

NAJAM, J. and DARDEN, J. concur